Alan E. Kassan – SBN 113864
  Email: akassan@kantorlaw.net
Glenn R. Kantor – SBN 122643
  Email: gkantor@kantorlaw.net
Mitch O. Hefter – SBN 291985
  Email: mhefter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
REBECCA REUTTER, individually
and as Trustee of the KIRK REUTTER FAMILY TRUST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA REUTTER, individually and as Trustee of the KIRK REUTTER FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE INSURANCE COMPANY; OMNICARE, INC.; and CVSHEALTH,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**FOR ERISA PLAN BENEFITS; OR IN THE ALTERNATIVE, FOR EQUITABLE RELIEF RESULTING FROM BREACH OF FIDUCIARY DUTY; AND**<br><br>**FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS** |

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for breach of fiduciary duty under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining equitable relief, including equitable surcharge, under 29 U.S.C.

1  § 1132(a).  Plaintiff also seeks pre-judgment interest, post-judgment interest, attorneys' fees and costs.

2. Plaintiff, Rebecca Reutter is the sister of Kirk Reutter, now deceased. Kirk Reutter was formerly an employee of Omnicare, Inc. which, while he was employed, was acquired by CVSHealth.  Before he passed, Mr. Reutter named his sister Rebecca as the successor Trustee of his Kirk Reutter Family Trust (the "Reutter Trust"), and the beneficiary of 50% of all assets of his estate, (with the remaining 50% to be disbursed to his other sister.)  He also appointed Ms. Reutter as his true and lawful attorney-in-fact by way of a durable power of attorney, executed on July 17, 2017; and as a beneficiary of his group life insurance coverage (basic and voluntary) issued to him by The Hartford Life Insurance Company (Hartford) while he was employed with Omnicare, Inc.  To the extent of any designation of the Reutter Trust as a beneficiary of said life insurance benefits, or defect in the beneficiary designation, the Reutter Trust has an interest in the life insurance benefits or the damages related thereto as alleged herein.

3. Plaintiff is informed and believes that Defendant Hartford is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California.  Plaintiff is informed and believes that her brother's employer, Omnicare, Inc., maintained a welfare benefit plan providing life insurance benefits funded in whole or in part with an insurance policy from Hartford (the "Omnicare Plan").  Hartford administered the claim which is the subject of this dispute, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.  Hartford, as the Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.  Hartford maintains offices and thus resides in this judicial district.

4. Plaintiff is informed and believes that Defendant Omnicare, Inc. is a corporation with its principal place of business in Los Angeles, California, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California, and is the sponsor of the Omnicare Plan. The Omnicare Plan purchased group life insurance coverage from Hartford. The Omnicare Plan under which Mr. Reutter is and was a participant, and pursuant to which Plaintiff is and was entitled to life insurance benefits covering Mr. Reutter's life, is regulated by ERISA. Omnicare, Inc., as the Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.

5. Plaintiff is informed and believes that Defendant CVSHealth is a corporation with its principal place of business in the State of Rhode Island, and is authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Plaintiff is further informed and believes that in or around 2016 CVSHealth acquired Omnicare, Inc., or some part of OmniCare, Inc., and in the process assumed some or all responsibility for Omnicare, Inc. corporate obligations. CVSHealth as the successor Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Omnicare Plan, the Plan's participants, and the Plan's beneficiaries.

6. While employed by Omnicare, Inc., Kirk Reutter was duly enrolled for $10,000 in Basic Life coverage and $100,000 in Voluntary Life coverage under the Omnicare Plan. Hartford identified Kirk Reutter with I.D. number 9004243253 with respect to the group life insurance coverage it provided to Omnicare, Inc. employees under the Plan. Plaintiff is informed and believes that Omnicare, Inc. and Hartford intended that the subject life insurance would result in coverage being provided to residents of the State of California. Plaintiff is informed and believes that the life insurance policy(ies) funding the Plan were issued, renewed or amended on or after January 1, 2012.

7. Defendants can be found in this judicial district and the Omnicare Plan was administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

8. Mr. Reutter became disabled, left work in 2016, and was approved for Short Term and Long Term Disability benefits by Hartford. Mr. Reutter never returned to work, and subsequently died on July 20, 2017 from pancreatic cancer. Thereafter, Plaintiff made a claim to Hartford for life insurance benefits under the Omnicare Plan.

9. On October 19, 2017, following the claim by Ms. Reutter, Ms. Gina Hickman, on behalf of Hartford, wrote to the Kirk Reutter Family Trust and represented that Mr. Reutter did not have any "Employee Group Life Insurance coverage in force" at the time of his death. Ms. Hickman failed to provide any details about how she arrived at the conclusion about a lack of life insurance coverage for Mr. Reutter.

10. Plaintiff has since identified a document which suggests Hartford was in error when it made said representations to the Kirk Reutter Family Trust. Attached as Exhibit A is a 2016 Benefits Enrollment Confirmation showing that for calendar year 2016, Mr. Reutter was covered by $10,000 in "Basic Life and AD&D" and $100,000 in "Voluntary Life and AD&D." The Basic life was provided at no cost to Mr. Reutter; the Voluntary Life was charged at the rate of $5.54 per pay period. Plaintiff provided a copy of the Benefit Enrollment Confirmation to Defendants to make further inquiry into the extent of life coverage and in an attempt to engage them in further discussion about the benefits, yet Defendants failed to respond to said inquiry in any manner.

///
///
///
///

# FIRST CAUSE OF ACTION
# FOR ERISA BENEFITS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

11. Plaintiff incorporates by reference all of the above paragraphs as though fully set forth herein.

12. As a result of the Defendants' conduct and their wrongful denial of benefits due to Plaintiff, Plaintiff has been damaged in the amount of the group life insurance proceeds of approximately $110,000, the actual amount of which will be proven at trial.

13. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

14. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

15. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, or said remedies were deemed exhausted by virtue of the futility of trying to pursue benefits Defendants represented did not exist, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Omnicare Plan.

///
///
///
///
///
///
///

## SECOND CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF
## UNDER ERISA 29 U.S.C. § 1132(a) AGAINST DEFENDANTS
## OMNICARE, INC. AND CVSHEALTH
### (PLEAD IN THE ALTERNATIVE TO THE FIRST CAUSE OF ACTION)

16. Plaintiff pleads this second cause of action as an alternative to the first cause of action and incorporates by reference paragraphs 1-10 as though fully set forth herein.

17. Omnicare, Inc. was the sponsor of the Omnicare Plan, and Hartford was the Plan Administrator for the Plan. Plaintiff is informed and believes Defendant CVSHealth became the successor Plan Sponsor and Plan Administrator of the Omnicare Plan. Respectively, as Plan Sponsor and as Plan Administrator, Defendants, and each of them, owed a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

18. Defendants breached their fiduciary duties under ERISA in that:

a) They inaccurately and unjustifiably represented to Plaintiff that Kirk Reutter was not enrolled for Basic and Voluntary life insurance benefits before his death, and thus failed to pay Basic and Voluntary life insurance benefits to Plaintiff;

b) If their records do reflect Kirk Reutter was not enrolled, Defendants failed or refused to properly enroll Kirk Reutter for the insurance benefits he properly and timely requested;

c) If, for any reason, Kirk Reutter's life insurance benefits were set to expire, Defendants failed or refused to provide Kirk Reutter with notice of his rights to have all premiums waived such that his Basic and Voluntary life insurance would continue upon becoming disabled; and failed to provide him with appropriate forms to complete and submit which would ensure

continuation of said benefits;

    d)    If, for any reason, his life insurance benefits were set to expire, Defendants failed or refused to provide Kirk Reutter with notice, opportunity, and appropriate paperwork necessary to port Basic and Voluntary life insurance benefits upon becoming disabled or otherwise becoming qualified for same;

    e)    If, for any reason, his life insurance benefits were set to expire, Defendants failed or refused to provide Kirk Reutter with notice, opportunity, and appropriate paperwork necessary to convert his Basic and Voluntary life insurance benefits upon becoming disabled or otherwise becoming qualified for same;

    f)    After receipt of written request by Plaintiff, Defendants failed or refused to provide Plaintiff with information concerning the life insurance enrollment records for her brother, Kirk Reutter, and with appropriate Plan and other group insurance documents;

    g)    Failed to follow ERISA's mandates regarding communications with Plaintiff concerning the administration of her claim for Basic and Voluntary life insurance benefits; and

    h)    Failed to do all other things necessary and appropriate to properly administer the Omnicare Plan as it pertained to Kirk Reutter and to inform him of his rights and benefits, and to protect those rights and benefits under the Omnicare Plan.

19.    At all times relevant, Defendants owed Mr. Reutter and his beneficiary, Plaintiff Rebecca Reutter, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a). They breached said duties by, among other things, failing to discharge their duties solely in the interest of, and for the purpose of, providing benefits to participants and their beneficiaries, including Plaintiff. Further, they breached said duties by failing to

discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

20. As a proximate result of the aforementioned breach of fiduciary duty by Defendants, Plaintiff has damages equivalent to the amount of life insurance benefits she would otherwise have received, in a total sum to be shown at the time of trial.

21. Ms. Reutter is entitled to relief pursuant to 29 U.S.C. § 1132(a), including, but not limited to, relief in the form of an instatement of Kirk Reutter into the Omnicare Plan if he was not enrolled due to the error of Defendants, equitable surcharge in the amount of her lost life insurance benefits and/or any other equitable remedy available to redress this harm.

22. As a further direct and proximate result of this breach of fiduciary duty, Ms. Reutter, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

23. The wrongful conduct of Defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to equitable remedies to remove that uncertainty.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of life insurance benefits due Plaintiff;

2. In the alternative to the relief sought in paragraph 1, a declaration requiring Defendants to instate Kirk Reutter into the Plan so as to provide coverage for Basic and Voluntary life insurance; or, to impose an equitable surcharge on Defendants in the amount of Plaintiff's damages;

3.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4.      Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5.      Such other and further legal or equitable relief as this Court deems just and proper.

DATED: August 27, 2018                          KANTOR & KANTOR, LLP

                                                By:    */s/ Alan E. Kassan*
                                                       Alan E. Kassan
                                                       Attorneys for Plaintiff
                                                       REBECCA REUTTER

# EXHIBIT A



**Omnicare, Inc.**
P.O. Box 27482
Salt Lake City, UT 84127-1067

# 2016 Benefits Enrollment Confirmation



000349 MED
KIRK REUTTER

This statement confirms your selected 2016 benefit options effective through 12/31/2016. Please review your elections carefully. If your choices are not reflected accurately, please contact the Solution Center at 1-800-422-1554.

**Printed:** 11/16/2015
**Event:** Open enrollment
**Employee ID:**

## Your Benefit Elections for 2016

| Plan Name | Coverage | Cost/(Credit) Per Pay Period | Effective Date |
|---|---|---|---|
| Medical: Omnicare PPO | Employee Only | $115.72 | 01/01/2016 |
| Medical Care Waiver | Not Applicable | $0.00* | 01/01/2016 |
| Dental: Omnicare Dental Plan | Employee Only | $13.73 | 01/01/2016 |
| Vision | Waived | $0.00 | 01/01/2016 |
| Short Term Disability | Enhanced 60% of pay (up to $4,000) | $11.32* | 01/01/2016 |
| Long Term Disability | 60% of Pay, Monthly Max $5,000 | $30.19* | 01/01/2016 |
| Basic Life and AD&D | $10,000 | No Cost | 01/01/2016 |
| Voluntary Life and AD&D | $100,000 | $5.54* | 01/01/2016 |
| Spouse Life | Waive | $0.00* | 01/01/2016 |
| Child Life | Waive | $0.00* | 01/01/2016 |
| HC FSA | Contributing $2,500 | $96.15 | 01/01/2016 |
| DC FSA | Not Contributing | $0.00 | 01/01/2016 |
| Employee Assistance Program | Employee Assistance Program | No Cost | 01/01/2016 |
| **Total Per Pay Period Cost – Pre-tax** | | **$225.60** | |
| *Total Per Pay Period Cost – Post-tax | | **$47.05** | |
| **Total Per Pay Period Cost** | | **$272.65** | |



## You and Your Dependent Information

You are responsible for adding and/or updating any incorrect or incomplete dependent information.

| No. | Name | Relationship | Birth Date | Gender | Disabled | Medical | Dental | Vision |
|---|---|---|---|---|---|---|---|---|
| 0 | KIRK REUTTER | EE | | M | | Y | Y | |

Relationship codes are:
EE = Employee, SP = Spouse, SS = Same Gender Spouse, CH = Child, O = Other (any other eligible legal dependents)

Please log on to www.omnicare.essbenefits.com to make changes to your dependent information.

## Beneficiary Information

**Important:** The following are your beneficiaries on record.

| No. | Name | Relationship* | Basic Life & AD&D Pri/Sec** | Percent | Voluntary Life & AD&D Pri/Sec** | Percent |
|---|---|---|---|---|---|---|
| 1 | REBECCA REUTTER | BN | Pri | 100% | Pri | 100% |

* SP = Spouse, SS = Same Gender Spouse, CH = Child, BN = Beneficiary only      ** Pri = Primary, Sec = Secondary.

Please log on to www.omnicare.essbenefits.com to elect or make corrections to your beneficiary information.